**KE ZHEN WU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–3012–ag.**

United States Court of Appeals, Second Circuit.

April 9, 2008.

---

Ramesh K. Shrestha, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Linda S. Wernery, Assistant Director, Daniel Glenn Lonergan, Trial Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Ke Zhen Wu, a native and citizen of China, seeks review of the June 19, 2007 order of the BIA affirming the September 21, 2005 decision of Immigration Judge ("IJ") Paul Defonzo denying Wu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ken Zhen Wu,* No. A97 954 645 (B.I.A. Jun. 19, 2007), *aff'g* No. A97 954 645 (Immig. Ct. N.Y. City Sept. 21, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). The Court reviews the agency's factual findings, under the substantial evidence standard. *See Rainey v. U.S. Dep't of Labor,* 517 F.3d 632 (2d Cir.2008).

As a preliminary matter, we lack jurisdiction to consider Wu's challenge to the agency's denial of relief under the CAT because he failed to raise that claim before the BIA. *See* 8 U.S.C. § 1252(d)(1); *see generally Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006). Accordingly, we review only Wu's challenge to the denial of his application for asylum and withholding of removal. Moreover, to the extent Wu sought asylum and withholding of removal on the basis of his alleged illegal departure from China, by failing to raise that claim before the BIA, he has not preserved that issue for our review as well. *See Lin*

*Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–20 (2d Cir.2007).

We conclude that the agency's adverse credibility determination was reasonably based on Wu's false statements during his airport and credible fear interviews. The agency noted that Wu admitted in his asylum application and during his testimony that, during his airport and credible fear interviews, he falsely stated that he experienced problems in China because he was a Falun Gong practitioner.

We have held that the agency may support an adverse credibility determination with material discrepancies between statements made during an airport interview and those later made during testimony. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179–81 (2d Cir.2004). Here, Wu provided two entirely different grounds for his alleged fear of persecution in China, and he admitted that he lied under oath. Because the IJ evaluated and properly rejected Wu's explanation for lying at the airport interview, *see Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005), the IJ's adverse credibility finding is supported by substantial evidence. *See Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 398–99 (2d Cir.2005); *Ramsameachire*, 357 F.3d at 180–81.

While the IJ additionally noted more minor omissions in Wu's asylum application, they were not necessary to support the adverse credibility determination. Because Wu failed to establish past persecution due to his incredible testimony, he was not entitled to the presumption of a well-founded fear of persecution. *See* 8 C.F.R. § 1208.13(b)(1). Furthermore, because he was found not credible, Wu failed to show the necessary subjective basis for a well-founded fear of future persecution.

*See Ramsameachire*, 357 F.3d at 183. Thus, the agency's denial of asylum was proper. Because Wu's application for withholding of removal was premised on the same factual basis as his asylum claim, the adverse credibility determination as to his asylum claim necessarily precludes success on his withholding claim. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.